IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CATHY ENWERE, § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL CASE NO. 3:17-CV-1092-L-BK |
| § | |
| CATHY NEAL, et al., § | |
|     Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge for judicial screening. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I. BACKGROUND**

On April 25, 2017, Plaintiff filed a *pro se* complaint against Cathy Neal, Walmart, and CMI Company. Plaintiff avers that on January 13, 2015, a Walmart associate "wanted to assassinate & assault" her when he pushed a rolls of shopping carts onto Plaintiff injuring her. Doc. 3 at 3. Plaintiff contends Brian, the Walmart Store Manager, accepted responsibility for the vicious acts, and Amber Chlaers, a CMI claim representative, advised her "she would take care of the matter." Doc. 3 at 4. However, Plaintiff maintains that Defendant Neal, the new claim representative, is "trying to breach the contract that was made in January by their peers." Doc. 3 at 5. She avers:

> Cathy Neal is discriminating against me. Ms. Neal is the third person to handle case #L50067-57 and she is denying my claim for know [sic] reason at all but Brian & Amber Chlaers had already give[n] me verbal contract & a written one taking responsibility for my injuries in Walmart stores. I demand a jury trial.

Doc. 3 at 1. As relief, Plaintiff seeks $100,000 in damages. Doc. 3 at 5.

In support of subject matter jurisdiction, Plaintiff asserts "[t]his Court has jurisdiction over this case because it's not just about injuries in my oppionion its also about a calis & cold malious attact on Miss. Enwere by a white male at Walmart that is why you have jurisdiction a racial hate crime that injured Miss Enwere." Doc. 3 at 2 (misspellings in original). When asked by the Magistrate Judge's Questionnaire to explain why the federal court should exercise jurisdiction over her case, Plaintiff alleges as follows:

> Because it was & is a racial hate crime by a Walmart employee caught on film, when courts research the issue and watch the film it will show that this employee act[ed] as if this was a blood sport federal courts cover subject matter jurisdiction of race crimes & injuries it was a[n] intentional act to cause bodily harm to a[n] Afro American woman and company CMI is trying to rip off the claimant after a very contract stating plaintiff would not have to fight issue after review & investigation of stone's film and adjuster giving the OK to pay because of the disrespect plaintiff is requesting more relief $80,000.

Doc. 13 at 1.

## II. ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has

original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court must always liberally construe Plaintiff's filings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice").  Even under this most liberal construction, however, Plaintiff has not alleged facts that could be construed to allege federal question or diversity jurisdiction.

Here, even under the most liberal construction, the complaint fails to present any federal cause of action.  While Plaintiff includes "hate crime" allegations in the complaint and answers to the questionnaire, such contentions cannot be liberally read to assert federal question jurisdiction.  Doc. 3 at 2, 4; Doc. 13 at 1.  The Federal Hate Crime Prevention Act of 2009, 18 U.S.C. § 249, "as a criminal statute, does not give rise to a private right of action."  *See Rhine v. McFarland*, No. 3:15-CV-2185-N-BN, 2015 WL 5432097, at *1-2 (N.D. Tex. Aug. 19, 2015) (collecting cases from other district courts), recommendation accepted, 2015 WL 5398875 (N.D. Tex. Sept. 14, 2015).  "[T]he 'pleading of federal jurisdiction requires more than a simple allegation that jurisdiction exists or citation of a federal statute ... [it requires] that the complaint clearly set out the basic facts necessary to support the conclusion' that federal jurisdiction does in fact exist."  *Gilbeaux v. Univ. of Texas Med. Branch*, 42 F.Supp.2d 637, 641 (E.D.Tex. 1998) (citation to a federal statute in the heading of a court designed complaint form was not sufficient to invoke federal jurisdiction) (quoting *Fountain v. New Orleans Pub. Serv., Inc.*, 265 F.Supp.

630, 632 (D.C.La.1967)).  Here, Plaintiff's complaint, as supplemented by the answers to the questionnaire, does not set out the basic facts necessary to show reliance on a federal right.

Moreover, although Plaintiff also suggests a breach of contract claim, she has not pled any facts that establish diversity jurisdiction.  Only the box for federal question jurisdiction is marked on the Civil Cover Sheet, in which Plaintiff also indicates that all Defendants are residents of Texas.  Doc. 3 at 8.  And, when specifically asked by the Magistrate Judge's Questionnaire to explain why the federal district court has the authority to hear her case, Plaintiff again relies only on the purported "racial hate crime" as the basis for the Court's subject matter jurisdiction.  Doc. 13 at 1.[1]

Therefore, this action should be dismissed without prejudice, *sua sponte,* for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend the complaint prior to dismissal.  *See* Brewster v. Dretke, 587 F.3d 764, 767-68 (5th Cir. 2009).  Because it is not clear that Plaintiff cannot allege facts that would invoke this Court's jurisdiction, she should be given the opportunity to do so.  **Thus, Plaintiff is granted until February 20, 2018 to amend her complaint to allege facts supporting this Court's diversity or federal question jurisdiction.**  If Plaintiff fails to do so, without further notice, this case should be dismissed without prejudice for want of jurisdiction.

---

[1] Plaintiff indicates that Walmart can be served at Walmart Super Center in Terrell, Texas, Doc. 3 at 4, and that CMI and Neal can be served at CMI's address in Kentucky, Doc. 3 at 1, Doc. 13 at 3, 5.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's complaint be summarily **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

**SIGNED** February 6, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE